**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4151**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CHRISTOPHER DEWAYNE BULLARD,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-04-33-F)

———————

Submitted:  October 26, 2005        Decided:  November 14, 2005

———————

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Windy C. Venable, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Dewayne Bullard pled guilty without the benefit of a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). The district court sentenced Bullard to 120 months' imprisonment, the statutory maximum sentence pursuant to 18 U.S.C. § 924(a)(2) (2000). The court also specified an identical alternate sentence of 120 months' imprisonment pursuant to this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005). Bullard appeals, asserting that, pursuant to United States v. Booker, 125 S. Ct. 738 (2005), his sentence violates the Sixth Amendment because it was enhanced under the mandatory federal sentencing guidelines scheme based on facts found by the district court to which Bullard did not admit. We conclude that no Sixth Amendment error occurred.

Initially, we reject Bullard's claim that his criminal history category was erroneously elevated from V to VI based upon an impermissible judicial finding that he was serving a term of probation when he committed the firearms offense to which he pled guilty. The district court's finding served as a valid factor upon which Bullard's sentence could be based because a defendant's probationary status constitutes a form of "data inherent in a prior conviction [rather than] extraneous to it." United States v.

- 2 -

Thompson, 421 F.3d 278, 283 (4th Cir. 2005).  Accordingly, under Almendarez-Torres v. United States, 523 U.S. 224 (1998), and its progeny, the fact that Bullard was on probation could be relied upon by the district court even though it was neither found by a jury nor admitted to by Bullard.

With Bullard's criminal history score properly fixed at VI, it follows that the district court's judicial enhancement of Bullard's base offense level of 24 entailed no Sixth Amendment consequence.  This is so because the guideline sentencing range for a defendant with an offense level of 24 and a criminal history category of VI is 100-125 months.  Thus, no Sixth Amendment violation occurred because Bullard received a prison term of 120 months, a sentence well within the permissible guideline range before adjusting the offense level for acceptance of responsibility.[*]

Accordingly, we affirm Bullard's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]As required by United States v. Evans, 418 F.3d 298, 300 n.4 (4th Cir. 2005), in determining whether Sixth Amendment error occurred, the sentence imposed must be compared to the permissible guideline range without consideration of any adjustment for acceptance of responsibility.

- 3 -